IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00329-CV

 

In re
Ronald J. Holleman

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 








          The petition for writ of mandamus is
denied.

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Petition denied

Opinion delivered and
filed September 14, 2005

[OT06]

 






of the mediator.  Mediation is
private, confidential, and privileged.  See id. §§ 154.021, 154.023(a); 10th Tex. App. (Waco) Loc. R. 9.

Mediation shall take place with the Dispute Resolution Center (ph. 979-822-6947), who shall appoint a Mediator.

The parties are directed to confer with the
Mediator to establish a date for the mediation.  In the event the parties
cannot agree on a date for the mediation, the Mediator shall select and set a
date and time, within 45 days after the date of this order.

At least three days before the first scheduled
mediation session, each party shall provide the Mediator and all other parties
with an information sheet setting forth the party’s positions about the issues
in the case and produce all information (including but not limited to their
respective appellate briefs) necessary for the Mediator to understand the
issues presented.  This Court will provide the Mediator with a copy of the
Reporter’s Record of the hearing of this matter at issue in this appeal.  The
Mediator may require any party to supplement the information required by this
Order.

Named parties and their counsel shall attend and
be present during the entire mediation process.  Failure or refusal to attend
the mediation as ordered may result in the imposition of sanctions, as
permitted by law.

After mediation, the Mediator must advise the
Court forthwith, in writing, when the process was completed, whether the
parties and their counsel appeared as ordered, whether a settlement resulted,
and the amount and terms of his fee agreement.  The Mediator shall send a copy
of the report to each party.

Any objection to this Mediation Order must be
filed with this Court and served upon all parties within ten days or it is
waived.




We abate this appeal for mediation.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissents with a note)*

Appeal
abated for mediation

Order
issued and filed March 14, 2007

Do
not publish

 

            *
“(How wonderful for the father, the mother, and the children.  A father whose
parental rights have been terminated and has at every turn in this litigation
sought to expedite rather than delay these proceedings will now have to suffer
through a 45 day delay for a mediation.  His brief has been filed, the mother’s
brief is due but she requested an extension to file her brief which the father
opposed.  The legislature could not be more clear that proceedings involving
the termination of parental rights should receive our immediate and diligent
attention and we should do nothing to delay them.  And while the order reads as
if the mediator has not been decided upon – such is not the case.  Justice
Vance has already picked the mediator, an old friend from Brazos County.  This mediation will be a challenge without that baggage but he is a former district
judge and if the father will give the mediator some latitude, he may be able to
get something done.  Given that the majority is otherwise delaying the ultimate
disposition of this appeal by such a long time, I certainly hope so.  I would
deny the mother’s motion to extend the time to file her brief and set the case
for submission in 21 days without oral argument.  And if possible, I would
issue the opinion deciding the merits of the appeal on that date, or use rule 2
to shorten the time if the opinion was finished before that date.  So yes, I
dissent to the abatement order.)”